## No. 7893.

### M. L. BYRNE & CO. VS. THEIR CREDITORS.

In default of proper evidence in the Record, to show the value of the services of the notary, of the Counsel of the syndic and of the Attorney of absent creditors, in the Estate of an Insolvent, this Court will not disturb the judgment of the District Judge, which has fixed the respective amounts due for such services.

The syndic may, in behalf of the mass of creditors, question the validity of the claims set up by certain creditors in opposition to his Account and Tableau of Distribution.

The charge of undue preference may be made by opposition, in the *concurso* of creditors, and needs not necessarily be made by means of the revocatory action.

The prescription of one year to the action in avoidance of a fraudulent confession of judgment, only begins to run from the time that knowledge of said confession is brought home to the party injured thereby.

The rule of law in revocatory actions, that only such creditors can attack the validity of an act giving an undue preference, whose claims were in existence at the time of the illegal act, does not apply to a contest for the classification of claims in a *concurso* under insolvent proceedings.

The law does not prohibit a creditor, who pays an actual and effective value at the moment of the contract, from obtaining a privilege or security, because he has reasons to suspect the inability of his debtor to pay all his debts.

Nor does the law forbid a creditor holding such security to obtain the privilege by seizure, provided for in Art. 722 of the Code of Practice.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor, J.*

*J. Bendernagel,* notary, *propria persona,* Appellant.

*Albert Voorhies* for Richardson & Magruder, counsel of the Provisional Syndic.

*Cotton & Levy* for the Syndic, and *Henry P. Dart* for absent creditors :

First—A transfer of property, or attempt to give one creditor an undue advantage over the other creditors after the debtor has become insolvent, and before his declared insolvency, is a fraud on the other creditors, and void. 1 M. 240; 3 M. 274; 4 M. 625; 4 M. 240; 10 M. 704; 4 N. S. 175; 2 La. 18; 4 La. 127; 10 An. 18; 23 An. 800.

Second—A confession of judgment dates, as to third persons, from the time of filing same in court, and a judgment by consent or otherwise is of no binding force as to them until signed by the judge. 3 M. 390; 5 N. S. 105, 320; 4 R. 52; 7 R. 51; 2 L. 323; 13 L. 496; 1 A, 206; 6 An. 6; 3 A. 35.

Third—Consent judgments decide nothing; are only binding as such between the parties, and have not the effect of judgments regularly rendered contradictorily as regards third persons. 3 An. 34; 12 An. 426; 6 An. 2; 4 An. 276; 2 An. 907; 27 An. 496; 29 An. 732.

Carroll & Co. vs. Hamilton, 30 An. 522.

Miche vs. Armat, 15 An. 225.

Union Bank vs. Marin, 3 An. 35.

Lecarpentier vs. Lecarpentier, 5 An. 499.

Fourth—A confession of judgment given within three and twelve months preceding the declared insolvency of a debtor falls within the provisions of R. S. 1804, 1805, 1808 and C. C. 1969, 1978, 1983, 1984, 1986, 1987, and is, therefore, null and void. And a judgment by

Byrne & Co. vs. Their Creditors.

confession or otherwise inscribed against the debtor within TEN days preceding his failure is absolutely null and void as to other creditors. C. C. 3362; 1 M. 193-207; 3 M. 39; 4 M. 264; 12 M. 666; 3 N. S. 381; 4 N. S. 369, 625; 7 R. 164; 9 Rob. 45; 14 An. 438.

Fifth—A confession of judgment given by a debtor in insolvent circumstances, to the knowledge of the creditor, followed by execution thereon, gives no privilege so far as the other creditors are concerned. 4 La. 249; 10 L. 370; 5 N. S. 620; 5 Rob. 290; 10 An. 18.

Sixth—The syndic is the representative of all the creditors, and, as such, has the right in conjunction with other creditors *in concurso* to resist a claim which he believes not legally due by the estate, or not entitled to the privilege claimed. R. S. 1811. Nor is it necessary that a direct action be brought for the purpose of setting aside or annulling the privilege claimed; creditors must establish their claims and rank in the *concursus*, where, in contemplation of law, they are all plaintiffs and defendants. 14 La. 250; 3 L. 533; 2 R. 541; 10 R. 474; 1 N. S. 481; 3 L. 559; 9 L. 387; 2 An. 451; 4 An. 195; 14 An. 218; 4 N. S. 632-40; 9 R. 45; 8 An. 371; 6 La. 83.

Seventh—The order of court accepting a surrender is simply conclusive evidence of the debtor's failure; but the provisions of the law in reference to preferences given by insolvent debtors apply to all persons who are unable to pay their debts; *the condition at the time the preference is given being the test.* 3 M. 364; 6 La. 83.

### *E. Howard McCaleb* for D. R. Carroll, Opponent and Appellant:

First—The syndic of an insolvent cannot question the validity or rank of a creditor's judgment on a final account and tableau of distribution. In a *concurso* each creditor acts for himself.

Second—A revocatory action must be brought within one year after the contract complained of was entered into. In cases of insolvency, an alienation of mortgage made by the debtor within three months before his surrender cannot be annulled if the person in whose favor such contract was made " prove that he paid a valuable consideration at the time." A judgment obtained more than ten days before the insolvent's surrender, even by confession, has effect against the other creditors.

Third—Creditors, not such at the time the contract complained of was entered into, cannot avail themselves of the revocatory action, nor can the syndic as their representative.

Fourth—A judgment not attacked for fraud or collusion is *prima facie* evidence against third persons.

Fifth—A confession made long anterior to the judgment rendered thereon, for a valuable consideration, at a time not suspicious, must be respected. Consent judgments are obligatory if made in good faith. A judicial mortgage results from such judgments, and so does " the authority of the thing adjudged."

Sixth—A judgment creditor of an insolvent acquires a privilege upon the property seized, if such seizure was made previous to the debtor being declared a bankrupt—even though the judgment under which his seizure was made was obtained by confession.

Seventh—Suspicion cannot invalidate a legal agreement where the evidence shows the good faith of the transaction.

The opinion of the Court was delivered by

POCHÉ, J. The following appeals have been taken from the judgment of the District Court, amending and homologating the final account of the syndic in this cause.

1st. By John Bendernagel, the notary public, who complains that the court erred in reducing the amount of three hundred dollars, allowed him by the syndic, to one hundred dollars.

2d. By Richard F. Harrison and Joseph McElroy, receivers of the firms of Wallace, Cary & Co. and Wallace & Cary, who complain

of the dismissal of their opposition to the tableau, on an alleged claim of six thousand four hundred and fifteen dollars and twenty-five cents and interests ; which claim had been refused by the syndic.

3d.   By D. R. Carroll who, by opposition to the tableau, had claimed to be placed thereon as a privileged creditor for $12,703 09, subject to a credit of $900, and who complains of the judgment of the court, under which his claim was allowed, but classed as an ordinary, and not as a privileged claim.

By an answer filed to the appeal, Richardson & Magruder, attorneys of the provisional syndic, pray for an amendment of the judgment, under which their claim for fees was reduced from five hundred to two hundred and seventy-five dollars, and Henry P. Dart, attorney of absent creditors, also prays for an amendment of the judgment under which his fees were reduced from two hundred and fifty dollars to one hundred.

First—As to the notary's appeal, the record shows that, under orders of the District Court, he made an inventory, of the property surrendered by the bankrupts, and that he held a meeting of the creditors of the estate and that both duties were laborious and necessitated voluminous writings. With proper evidence before us, we would be justifiable in increasing the amount allowed him. We find in a brief which he files in his own behalf, a detailed bill of charges for the services which he rendered, but as this bill was not presented and acted upon by the lower court, it comes before us in a shape under which it cannot be considered. This court cannot entertain original evidence. And, besides, the labor was performed under the orders and supervision of the District Judge, and without proof to the contrary we must presume that he correctly appreciated the services of the notary, and fixed a proper and reasonable compensation therefor, and we will not disturb that part of his judgment. For the same reasons we affirm those rulings in his judgment fixing the fees of Messrs. Richardson & Magruder, attorneys of the provisional syndic, and those of Henry P. Dart, attorney of absent creditors.

As to the appeal taken by Harrison and McElroy, receivers, we have not been favored, by brief or argument of their counsel, with any reasons or authorities to justify the reversal of the judgment in this particular. We have read the evidence introduced in the lower court in support of their claims, and find it conflicting and doubtful. It failed to satisfy us that the amounts claimed were for debts incurred since the composition of the bankrupts, to be hereafter referred to. It was the duty of the opponents to prove their claim with legal authority ; this they have failed to do, and the judgment dismissing their opposition is therefore correct.

The opposition of D. R. Carroll presents for our solution several questions which are not entirely free of difficulty, and on which the decisions of this Court are not all in perfect accord.

In his opposition to the syndic's account, in which his claim had been entirely ignored or rejected, he alleges that he is the subrogee of Wallace & Cary to a confession of judgment for $12,703 19, made in their favor by M. L. Byrne & Co. on the 28th of November, 1878, as a security for money loaned to them by said Wallace & Cary, in July and November, 1878, and that as such transferee, he obtained judgment on said confession in the Fourth District Court of the parish of Orleans, on April 25th, 1879, and that on the next day he issued execution, under which the stock of goods of said M. L. Byrne & Co., situated in a store at No. 163 Canal street, was seized and was in the possession of the sheriff on the 10th of May, 1879, when his debtors made a voluntary surrender, under the insolvent laws of the State, of their property, which consisted mainly of said stock of goods. That under the order of the court staying his proceedings, the property, which had been seized under his execution, was transferred from the possession of the sheriff to that of the syndic, by whom it was sold under the order of the court, and the proceeds of which form the fund now in process of distribution by the syndic, in the final account presented by him, and now under discussion.

He alleges a privilege on such proceeds, as a result of his seizure.

His opposition was met by an answer of the syndic, who urged the nullity of his judgment, and charged that it was the result of a scheme concocted by Wallace & Cary and M. L. Byrne & Co. to defraud the latter's creditors, and that said confession was made by the bankrupts without legal consideration, at a time suspicious, when they were notoriously insolvent.

And, secondly, he urged that if any consideration had passed for such confession, the said Wallace & Cary, well knowing the insolvency of M. L. Byrne & Co., had thus sought to obtain an undue and unjust preference over the other creditors of the latter.

On the trial, Carroll objected to the admission of any evidence in support of the averments in the syndic's answer to his opposition, on the grounds :

1st.    That the syndic is without authority, after the filing of his final account, to plead in behalf of the creditors, and to question the validity of any claims set up by creditors.

2d.    That the attack on his claim, as an alleged undue preference, performed by an insolvent, cannot be made in this proceeding, but must be inaugurated by means of a direct revocatory action.

3d.    That such action could not then have been maintained, because more than one year had elapsed since the performance of the act complained of.

4th.    That the claims of the other creditors had accrued since the date of the act complained of.

Opponent quotes several authorities which bear him out in the denial of the right of the syndic to plead in such a case in behalf of the estate and of the creditors, but the weight of authority preponderates in favor of the exercise of such right. He is the representative of the estate until discharged, and his duty requires that he should resist all claims which he suspects as unjust, fraudulent or otherwise defective. We cannot assent to the proposition that he is *functus officio* after the filing of his final account; for then, frequently, begins the struggle of vital importance to all the creditors to the fund in his custody; and the *bona fide* creditors are entitled to his assistance in such a contest. Nor do we understand that in meeting such issues as alleged, undue preference conferred by the bankrupt, he should be confined to the direct revocatory action.

When the issue is directly made, as in this case, the creditor cannot complain, as he then comes in the *concurso*, to assert his privilege, and he must be ready then, if ever, to maintain his position.

Both upon reason and authority, we hold that the issue was properly made. 8 N. S. 532 ; 2 L. 28 ; 15 A. 582.

The answer which assails the validity of opponent's claim and judgment was filed on the 20th of January, 1880, and he urges that, as the confession of judgment in favor of Wallace & Cary had been made in November, 1878, more than one year had elapsed since the act was performed, and that, therefore, both syndic and creditors were debarred from the right of charging fraud or undue preference against the confession.

A plain answer to this pretension is in the fact that the confession of judgment was not brought to the knowledge of either syndic or creditors, or indeed to any third parties before the 25th of April, 1879, from which *event* alone the time prescribed can, in reason or in law, be computed. The law can hold no one to impossibilities, which would be the very task imposed on a party if required to assail an act which has no existence as to him.

The right to plead in behalf of the estate and of the creditors being once recognized in the syndic, cannot be affected or modified by the nature, origin or the date of the claims of any creditor of the estate. The rule invoked by opponent is applicable to a direct revocatory action brought by a creditor, and not to a contest for the classification of claims in a *concurso* under insolvent proceedings. 15 A. 582.

As it has now been demonstrated that the syndic had the right and authority to assail the validity of opponent's alleged priority over other creditors in the manner and form and at the time that he presented that issue, we have no other obstacle in the way of an investigation of the confession, the judgment and the seizure which are held up by opponent.

as the muniments of the privilege which he claims on the property of the bankrupts.

The record discloses the following facts as bearing on this point :

In February, 1878, M. L. Byrne & Co. went into bankruptcy in the U. S. District Court, and under the authority of the bankrupt laws, made a composition with their creditors, who accepted in full of their claims twenty-five cents on the dollar, payable in three installments, whereof eight cents cash, and the balance by notes, maturing in July and November of that year.

At the maturity of the first installment notes, the debtors were unable to meet the payment thereof, whereupon they applied to Wallace & Cary, with whom they had had for years very close business relations, and secured from them the loan of money needed for such payment. On the maturity of the second series of notes, which represented the third and last payment under the composition, they were in the same embarrassment as in July previous, owing to the complete stagnation of business in New Orleans, resulting from the memorable yellow fever scourge which devastated the city during that year ; and they again applied for assistance to Wallace & Cary, who again came to their relief with the necessary funds.  But as the same cause had also produced a depressing effect on the affairs of Wallace & Cary, they refused at the second call to assist M. L. Byrne & Co. without some security for the advances of funds made in both emergencies ; and the security agreed upon was a confession of judgment for $12,703 19, executed by M. L. Byrne & Co., on November 28, 1878.

In that transaction it was stipulated in substance that the amount confessed was to be paid by installments ranging from $333 33 to $500, due and exigible at graduated and fixed periods, covering a space of time, extending from February 13, 1879, to January 29, 1880. And it was further stipulated that if default was made in the payment of any installment at the stipulated time, the whole amount confessed would thereby, and at once, become due and exigible.

This security was transferred on the 3d of January, 1879, by Wallace & Cary to opponent, D. R. Carroll, for valuable consideration, as shown by his testimony and other evidence in the record.

In fact, we don't understand the validity of this transfer to be questioned on appeal, and we shall treat opponent as entitled to all the rights of Wallace & Cary, and liable to all the defenses which could be urged against his transferrers.

After his acquisition, D. R. Carroll received, in sundry remittances, an aggregate of nine hundred dollars from Byrne & Co. on account of his claim, and notwithstanding repeated defaults on their part to meet the stipulated installments, he continued to indulge them until the 25th

of April, 1879, when, under advice of Cary, one of his transferrers, of the impending storm gathering over the house of his debtors, he concluded to enforce the confession of judgment and to execute the judgment rendered thereon by seizing the property of his debtors.

The mere statement of these facts contains a refutation of the charge advanced by the syndic, that the confession of judgment was obtained without consideration, with a view to defraud creditors, or with a view to secure past indebtedness and to obtain an unjust or undue preference.

The funds loaned were used for a legitimate, pressing and useful purpose,.and prevented the debtors and their property from reverting back into bankruptcy, as a consequence of a failure on the part of Byrne & Co. to execute the terms of their composition. The confession is shown to have been subscribed on the 28th of November, 1878, more than three months previous to the surrender or declared insolvency, and is, therefore, not to be tested under the law, which strikes with nullity such acts performed within three months previous to the failure of the debtor. C. C. 3359.

We cannot accept the interpretation suggested by the syndic, in which he construes this article as referring to actual insolvency. The law does not prohibit a creditor who pays a real and effective value at the moment of the contract from obtaining a privilege or security, because, forsooth, he has reasons to suspect the inability of his debtor to pay and satisfy all his debts. Nor does the law forbid a creditor holding such security from obtaining the privilege by seizure, provided for in Art. 722 of the Code of Practice. " If the seizure created a privilege in those cases only in which the property of a debtor is sufficient to pay all his debts, the privilege would only attach in those cases in which it would be useless." 3 R. 106 ; 7 Otto, 80.

We understand the test of all these laws to be found in the declared insolvency of the debtor. And although the testimony on this point is somewhat conflicting, yet, after carefully weighing and considering all the statements bearing upon the transaction, it satisfies us beyond a reasonable doubt, that the transaction is free from any of the suspicions which are pointed out or suggested by the laws regulating contracts made by insolvent debtors immediately preceding their failure.

The law watches their movements with a suspicion in the interest of creditors, who are so often injured and jeopardized by well concocted schemes between unscrupulous creditors and unfortunate and dishonest debtors. Tested under this vigorous rule, the conduct of these parties is not in contravention of any law, and their contract must, therefore, be enforced.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court bé amended in so far as it rejects the privilege

claimed by D. R. Carroll, which privilege is hereby recognized, to be paid as second to the costs incurred for the sale of the property surrendered, and to law charges, and in preference over other creditors, and that in all other respects said judgment be affirmed; costs of this appeal to be paid by the syndic, by John Bendernagel and by Harrison and McElroy, ratably.

### On Application for Rehearing.

Jno. Bendernagel, the notary public, H. P. Dart, attorney of absent creditors, and W. G. Vincent, syndic of the insolvent estate, have presented an application for rehearing in this case.

The earnestness with which they press their appeal for relief from our decree has induced us to carefully review the whole case, and to closely study our opinion, as well as the authorities of law which had guided our deliberations; and our conclusion is that our reasons have been sadly misunderstood in several instances by the applicants, who have honestly thought that they had discovered several inconsistencies in some of the positions assumed by us in the course of our reasoning in trying to unravel the difficulties of this intricate case.

For instance, in reference to Bendernagel's claim, we did not state, as he urges in his brief for rehearing, that he had failed to present the detailed bill of his services to the syndic, but our objection to considering such evidence on appeal was that the record failed to show that the detailed bill contained in his brief had been presented to, or acted upon, by the lower court, and we reiterated the familiar rule of law under which an appellate court cannot consider original evidence.

H. P. Dart complains of our refusal to amend the judgment of the lower court, so as to allow him a privilege on the assets of the estate, and invokes to his aid the provisions of Act No. 108 of 1857. But his rights are to be governed by section 1817 of the Revised Statutes, which as part of the insolvent law of the State, must determine the rights of all parties to the *concurso*, and specially provides that the fees of the attorney of absent creditors "shall in no case be paid by the mass of creditors," and "shall in no case exceed one hundred and fifty dollars."

In reference to the confession of judgment by M. L. Byrne & Co., we distinctly stated, and we now re-affirm, that, being an act under private signature, it could have no effect as to third parties until presented to, and authenticated by, a competent court. But we referred to the date of its execution, merely as a means of testing the intention of the parties at that time—as a means of testing the knowledge or the suspicion of Wallace & Cary of the state of insolvency of M. L. Byrne & Co., and of ascertaining the object and the consideration of the confession. And our

·conclusion, justified by the evidence, was that the confession of judgment was for the purpose of securing Wallace & Cary for funds advanced ·at the time of the contract, and actually used for a legitimate purpose; ·and that such a contract could not be invalidated, even if the creditors had reasons to suspect the insolvency of·their debtor.

Beyond this we gave no effect to the date of the execution of the ·confession of judgment. Having thus concluded that it had been made in good faith, and was not tainted with fraud, or prompted by any motive reprobated by law, we gave it effect, as operating a privilege in favor of Carroll, the *bona fide* holder of the same from the day of the seizure in execution of the judgment which resulted from the confession.

We can discover no error in our decree, and must decline to disturb it.

Rehearing refused.